JIM COURTER
JOEL A. KOBERT*
LAWRENCE P. COHEN*
KEVIN M. HAHN
MICHAEL S. SELVAGGI°
MICHAEL B. LAVERY
JOHN J. ABROMITIS
THOMAS F. CRAIG, II
HOWARD A. VEX⁶
JAMES F. MOSCAGIURI
AMANDA L. MULVANEY°
KATRINA L. CAMPBELL⁸

* CERTIFIED BY THE
  SUPREME COURT OF NEW JERSEY
  AS A CIVIL TRIAL ATTORNEY
⁴ MEMBER OF N.J. & D.C. BAR
° MEMBER OF N.J. & PA. BAR
⁵ MEMBER OF N.J., D.C. & M. BAR

LAW OFFICES

# COURTER, KOBERT & COHEN

A PROFESSIONAL CORPORATION

1001 ROUTE 517

HACKETTSTOWN, N. J. 07840

(908) 852-2600

FAX (908) 852-8225

WWW.CKCLAW.COM

23 CATTANO AVENUE
AT CHANCERY SQUARE
MORRISTOWN, N.J. 07960
(973) 285-1281

OF COUNSEL
HARRY K. SEYBOLT
PETER J. COSSMAN

May 21, 2008

**Electronically Filed**
Office of the Clerk
M. L. King Jr. Federal Building and
United States Courthouse
50 Walnut Street
Newark, NJ  07102

      **Re:**    **Mary P. Colvin and John Colvin v. Van Wormer Resorts, Inc.,** *et al.*
           **Case No. 2:07-cv-4826 (WJM)**

Dear Sir/Madam:

      With regard to the above-referenced matter, this office is local counsel for Plaintiffs, Mary P. and John Colvin. Enclosed please find a Reply Affirmation of George W. Clark, Esq., counsel *pro hac vice,* in connection the recently filed motion for default judgment.

      Should you have any questions or concerns, please feel free to contact me at your convenience.

      Thank you.

                 Respectfully submitted,

                 James F. Moscagiuri

JFM:clp
Enclosure
cc:    George M. Holland, Esq. (Via Electronic Filing)
      George W. Clark, Esq. (Via E-Mail)
      Hotel Punta Colorada, S.A., 21670 Calabasas Road #769, Calabasas, CA 91302-1502

{00245838-1}

*Thirty-Five Years of Excellence*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
X------------------------------------------------------------X
MARY P. COLVIN and JOHN COLVIN,                    07 CIV 4826 (WJM)

             Plaintiffs,          **PLAINTIFFS' REPLY**
                                                   **AFFIRMATION IN**
          -against-                    **IN SUPPORT OF**
                                                   **PLAINTIFFS' MOTION**
                                                   **FOR DEFAULT**

VAN WORMER RESORTS, INC., and HOTEL
PUNTA COLORADA, S.A., a/k/a
PUNTA COLORADA,

              Defendants.
X------------------------------------------------------------X

      GEORGE W. CLARKE, ESQ., an attorney admitted to practice before the courts

of the State of New York, and admitted, pro hac vice for purposes of this suit, to practice

before the District Court of New Jersey, under the penalties of perjury affirms to the truth

of the following:

      1.     I am an attorney with the Law Firm of Tierney & Tierney, Esqs., attorneys

for the plaintiffs MARY P. COLVIN and JOHN COLVIN in this action for recovery of

compensation for the extensive injuries MARY suffered when she fell through a

moveable dock owned, operated and maintained by defendants. As shown before,

plaintiff's fall and injury was the direct result of defendant Eddie Van Wormer

instructing MARY to use defendants' moveable dock to board the defendants' fishing

vessel, the M/V Valeria, for that day's fishing excursion which she and JOHN had

booked with defendants in New Jersey.

      2.     This Reply Affirmation is submitted in further support of plaintiffs'

motion for a default judgment against the California defendant Hotel Punta Colorada

which has not answered herein despite being served at their California office on Jan. 11,

2008, following the filing of the Summons and Complaint (later amended) on Oct. 5,

2007. (See Affidavit of Service, Plaintiffs' Exh. B).

     3.     The statements of Carlos van Wormer are palpably false and should not be

given any credence by the Court. In defendants' maritime contract (plaintiffs' Exh. C)

which provides this Federal Court in New Jersey with jurisdiction, based on the venue in

New Jersey where this contract was printed by defendants and paid for by plaintiffs,[1]

defendant Hotel Punta Colorada represented that their office was in California, which

claim was also verified by their website and by their magazine ads and by the postcard

they later personally mailed to plaintiffs' address in New Jersey. (Exh. H – a clear and

direct act of transacting business in New Jersey by defendants, directly targeted to

plaintiffs).

---

[1] It should be noted that this Maritime Fishing Contract issued by defendants to plaintiffs (one of many), was printed by defendants in New Jersey, like defendants' insurance policy, on Plaintiffs' fax machine located in Plaintiffs' New Jersey home. This act of generating this contract in New Jersey clearly confers contractual admiralty jurisdiction on this Court, a basis of jurisdiction which takes precedence over admiralty jurisdiction arising from tort only. Defendants obviously could not respond either to this assertion of contractual maritime jurisdiction, or to the jurisdiction created by defendants sending their insurance policy into New Jersey "to help plaintiffs," or arising from the direct post card advertisements sent to plaintiff by defendants, so they simply ignored these several independent bases for federal jurisdiction that were cited by plaintiffs in their papers. They also ignored diversity jurisdiction for the same reason, not opposing it in anyway, since they concede, apparently, that these grounds asserted by plaintiff are unassailable.

     Based on a fair review of the authorities cited by plaintiffs in their papers, ignored by defendants, contractual maritime jurisdiction is available in federal court, or failing that diversity jurisdiction between two Americans and the defendant corporations that are owned by Americans, even if plaintiffs do not prevail on the fact that defendants owned the moveable dock in question that was damaged by defendants' vessels. The question of the most convenient forum between the only two forums available (California and New Jersey) is easily resolved by the fact that 10 or more witnesses, including multiple guests of defendant, are present in New Jersey, while defendants do not cite even one witness present in California. Once the Court recognizes New Jersey as the most convenient forum, where plaintiff is being treated, the only question is – did defendants do anything to subject themselves to New Jersey jurisdiction? Sending their insurance policy into the state to be printed, as well as multiple maritime contracts and direct promotions mailed to plaintiffs certainly qualify, as well as defendants' acts of cashing New Jersey checks in California. How do defendants oppose these arguments? By silence – a clear admission that plaintiffs are correct and cannot logically be challenged on these points.

2

4.     Furthermore, all monies paid to Hotel Punta Colorada were retained in the United States by Hotel Punta Colorada, in US bank accounts. HPC only sent such negligible amounts into Mexico as were necessary to pay the day laborers (hotel and fishing boat operators and captains) as might be necessary. This is what the American Van Wormers bragged to the plaintiffs and their other New Jersey guests concerning how much money in American dollars they were making and keeping in the US, safe from confiscation by Mexican laws.

5.     So under these facts can the court rely on van Wormer's statement that Hotel Punta Colorada is really a Mexican corporation operating only in Mexico, without any written proof to support that rather unbelievable claim? We would say not. Clearly, based on the true information of Hotel Punta Colorada's U.S. financial operations, that the van Wormers readily told the plaintiffs and others about, defendant HPC had a US presence, and was duly served through plaintiffs' service of their agents in California who have now appeared, namely Van Wormer Resorts, Inc., which concededly is a California corporation. Plaintiffs also assert that the agent defendants placed in charge of their Calabasas office, who was also served, was also an agent sufficient to receive service and give HPC notice, given that this was the only address set forth for HPC on its contract with plaintiffs, which contract serves as the basis for the maritime jurisdiction which this Honorable Court is now able to assert. (Plaintiffs' Exh. C).

6.     Given that the acts and representation of the defendants gave plaintiffs good grounds to believe that HPC maintained offices in Calabasas, California, as their website, maritime contracts, payment instructions, and New Jersey advertising clearly indicated, even if the Court finds that HPC was not properly served in California at their

3

Calabasas address or through their California agent Van Wormer Resorts, Inc., plaintiffs seek leave to extend their time to serve HPC through the Hague Convention (requiring translation of the Complaint for the benefit of the American Van Wormer brothers, who notably, were born and educated as the American children of a Kansas-born American father in California. Because of this they all speak English as their first language, as the native-born Americans they are).

7.    Of course, adhering to the Hague Convention for fellow Americans is a great futility for the American Defendants, as Carlos van Wormer and his American attorneys know, but plaintiffs will follow this futile action if the Court so orders it. It should be noted however that plaintiffs first sent HPC the summons and complaint herein by mail, with the proper FRCP Rule 4 notice to accept service by mail or be charged with the cost of service (which offer was refused by defendants). Because of this, we assert, the person to be charged with the cost of translation of the Amended Complaint into Spanish, and service pursuant to the Hague Convention in Mexico, will ultimately be defendants. Common sense would dictate that, to mitigate expenses, they should waive translation as any true American would.

8.    Based on the foregoing we await the Court's instructions concerning whether additional service is necessary on HPC which would only increase the said defendant's damages, an outcome defendant HPC should resist if it was thinking clearly about its legal duty to mitigate its owns expenses the same as any reasonable profit-based business would.

WHEREFORE, the motion to take a default, or to grant defendant HPC time to answer, or to grant plaintiffs additional time to serve HPC in a manner directed by the

4

Court, should be granted in favor of plaintiffs, and the Court should grant such other and

further relief as to the Court seems just.

Dated: May 20, 2008

GEORGE W. CLARKE (gc-3071)